1  **Pierce Bainbridge Beck Price & Hecht LLP**
2  John M. Pierce (SBN 250443)
   jpierce@piercebainbridge.com
3  Amman Khan (SBN 196217)
4  akhan@piercebainbridge.com
   Janine F. Cohen (SBN 203881)
5  jcohen@piercebainbridge.com
6  Dan Terzian (SBN 283835)
7  dterzian@piercebainbridge.com
   600 Wilshire Boulevard, Suite 500
8  Los Angeles, California 90017-3212
9  (213) 262-9333

10 *Counsel for*
11 *Plaintiff Sergey Grishin*

12           THE UNITED STATES DISTRICT COURT
13        FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 **Sergey Grishin**, an              | Case No. 2:18-cv-10179
15 individual,
                                       | **Complaint for:**
16         Plaintiff,
17                                     | 1. **Copyright Infringement;**
           v.                          | 2. **Defamation *Per Se*;**
18                                     | 3. **Defamation *Per Quod*;**
19 **Jennifer Sulkess**, an            | 4. **Public Disclosure of Private**
   individual, and **Does 1–10**,     |    **Facts;**
20                                     | 5. **Injunction**
21         Defendants.
22
23                                     | **Jury Trial Demand**
24
25
26
27
28

**Complaint**

Plaintiff Sergey Grishin ("Grishin") asserts the following claims against Defendant Jennifer Sulkess ("Sulkess") and Does 1–10 and alleges as follows:

## I. SUBJECT MATTER JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (complete diversity), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. VENUE

2. Venue is proper in this District under each of the following grounds:

   A. 28 U.S.C. § 1391(b)(2) (federal question jurisdiction), because a substantial part of the events or omissions giving rise to the claims occurred in this District;

   B. 28 U.S.C. § 1400(a) (copyright jurisdiction), because a defendant or her agent resides or may be found in this District; and

   C. 28 U.S.C. § 1391(b)(1) and § 1391(c) (personal jurisdiction), because all defendants are subject to personal jurisdiction in this State and at least one is in this District.

## III. THE PARTIES & PERSONAL JURISDICTION

3. Grishin is an individual and a citizen of Russia.

4. Sulkess is an individual and a citizen of the United States of America. At all relevant times, Sulkess is and was domiciled in the county of Los Angeles, California.

5. The true names and identities of the defendants herein sued as Does 1 through 10, inclusive, are unknown to Grishin. He therefore sues those defendants by such fictitious names. When the true names of those defendants have been ascertained, Grishin will amend this complaint accordingly. Each of the defendants aided and abetted and is responsible in some manner for the occurrences herein alleged, and Grishin's injuries were

proximately caused thereby. Defendant Sulkess and Does 1 through 10, inclusive, shall collectively be referred to herein as "Defendants."

**IV. STATEMENT OF FACTS**

6. This action arises from Defendant Sulkess' misuse of copyrighted videos created by Grishin (the "Copyrighted Works").

7. Grishin has filed applications for the registration of certain Copyrighted Works are currently pending with the United States Copyright Office. Certain applications have been granted, but a registration number has not yet been assigned.

8. Sulkess obtained the Copyrighted Works. Grishin did not authorize Sulkess to publish, copy, or use the Copyrighted Works in any manner.

9. After obtaining the Copyrighted Works, Sulkess published the Copyrighted Works on social media. Sulkess also published derivative works that Sulkess created using the Copyrighted Works (the "Derivative Works").

10. Sulkess' publications in paragraph 9 were without the permission of Grishin.

11. In November 2018, Sulkess repeatedly published the Copyrighted Works on the Internet.

12. For example, on November 19, 2018, Sulkess published the Copyrighted Works on her public Facebook page. With the publication, Sulkess added the following statement: "My friend and business partner, Anna Fedoseeva and I have been stalked, harassed, threatened and terrorized by her soon to be ex husband, Sergey Grishin. . . . I need everyone to see the kind of man this person is. He has tried to destroy both mine and her lives and we need help. . . . Anna went back to Moscow . . . and Sergey had her arrested" (the "Defamatory Statement"). The Defamatory Statement has been further published by at least one other person.

13. The Defamatory Statement is untrue and falsely accuses Grishin of a crime. The Defamatory Statement constitutes libel pursuant to Cal. Civ. Code §45. Because the Defamatory Statement accuses Grishin of a crime, the statement constitutes defamation *per se* which has caused harm to Grishin's reputation. Cal. Civ. Code § 45a. It is also defamatory because it implies that Grishin had Fedoseeva arrested, as opposed to what actually happened: the government arrested Fedoseeva because she committed several crimes.

14. In addition, Sulkess has published on her public Facebook page, a letter written by Grishin. That letter contains personal information including Grishin's addresses, telephone numbers and his passport number. Although Sulkess attempted to redact this private information, the redaction was insufficient. The information is still viewable. The Defamatory Statement coupled with Grishin's personal contact information poses a serious danger to Grishin's safety.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (For Copyright Infringement Against All Defendants)

15. Grishin repeats and reallges the allegations set forth in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. Grishin is and at all relevant times has been the sole owner of the Copyrighted Works.

17. Grishin has filed applications with the United States Copyright Office for the registration of certain Copyrighted Works. Certain applications have been granted, but a registration number has not yet been assigned.

18. Grishin is the undisputed creator of the Copyrighted Works.

19. In November 2018, Sulkess repeatedly published the Copyrighted Works on the Internet.

20. Sulkess did not have Grishin's permission for these publications.

21. In addition, Sulkess, without the permission of Grishin, created the Derivative Works. Sulkess has published the Derivative Works on the Internet.

22. Sulkess did not seek Grishin's permission to publish the Copyrighted Works or the Derivative Works prior to doing so or at any time thereafter. Nor has Grishin provided his permission.

23. Grishin is entitled to permanent injunctive relief preventing Sulkess, and her officers, agents, and employees, and all related persons from further using the Copyrighted Works, Derivative Works, or engaging in other acts in violation of copyright law.

24. Grishin is entitled to damages according to proof at the time of trial.

25. In doing the acts herein alleged, Sulkess acted fraudulently, willfully, and with malice, and Grishin is therefore entitled to punitive damages according to proof at the time of trial.

**SECOND CLAIM FOR RELIEF**
**(For Defamation *Per Se* Against All Defendants)**

26. Grishin repeats and reallges the allegations set forth in paragraphs 1 through 14, inclusive, as though fully set forth herein.

27. Sulkess made the Defamatory Statement which was published on her public Facebook page and disseminated to individuals other than Grishin.

28. The Defamatory Statement constitutes libel *per se* under California Civil Code §§ 45 and 45a, as it accuses Grishin of a crime.

29. The Defamatory Statement is false, not privileged, and has a natural tendency to cause damage.

30. The individuals who reviewed the Defamatory Statement reasonably understood the statement to be about Grishin.

31. Sulkess failed to use reasonable care to determine the truth or falsity of the Defamatory Statement.

32. Grishin has been damaged as a result of Sulkess' defamation and is entitled to recover damages.

33. Even if Grishin is unable to prove actual damages, Grishin is entitled to reasonable damages for this assumed harm.

34. In doing the acts herein alleged, Sulkess acted fraudulently, willfully, and with malice, and Grishin is therefore entitled to punitive damages according to proof at the time of trial.

35. Grishin is further entitled to preliminary and permanent injunctive relief requiring Sulkess to remove the Defamatory Statement from her Facebook page and further prohibiting her from posting additional defamatory statements regarding Grishin.

**SECOND CLAIM FOR RELIEF**
**(For Defamation *Per Quod* Against All Defendants)**

36. Grishin repeats and reallges the allegations set forth in paragraphs 1 through 14 and 27–35, inclusive, as though fully set forth herein.

37. Sulkess made the Defamatory Statement which was published on her public Facebook page and disseminated to individuals other than Grishin.

38. People reasonably understand that the Defamatory Statement regards Grishin.

39. The Defamatory Statement is false, not privileged, and has a natural tendency to cause damage. The Defamatory Statement was false because it implies that Grishin had Fedoseeva arrested, as opposed to what actually

happened: the government arrested Fedoseeva because she committed several crimes.

40. The Defamatory Statement exposed Grishin to hatred, contempt, or ridicule. The Defamatory Statement has prompted news articles that portray Grishin in a negative and false light. This caused harm to Grishin, and the Defamatory Statement was a substantial factor in causing that harm.

41. Sulkess failed to use reasonable care to determine the truth or falsity of the statement.

## FOURTH CLAIM FOR RELIEF
### (For Public Disclosure of Private Facts Against All Defendants)

42. Grishin repeats and realleges the allegations set forth in paragraphs 1 through 14, inclusive, as though fully set forth herein.

43. Article 1, Section 1 of the California Constitution guarantees every person a right to privacy. This right prohibits a person from publicly disclosing the private information of another person.

44. As set forth herein, Sulkess has publicly disclosed certain of Grishin's private information, including, but not limited to, his addresses and his passport number.

45. Sulkess' disclosure is offensive and objectionable to a reasonable person, particularly in light of Sulkess' Defamatory Statement regarding Grishin.

46. There was no legitimate public concern that justifies the public disclosure of Grishin's private contact information on Sulkess' public Facebook page.

47. As a result of Sulkess' disclosure, Grishin has been damaged according to proof to be determined at the time of trial.

48. Grishin is also entitled to an injunction requiring Sulkess to remove Grishin's private information from her Facebook page and prohibiting her from posting such information in the future.

### FIFTH CLAIM FOR RELIEF
### (For a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction Against All Defendants)

49. Grishin repeats and realleges the allegations set forth in paragraphs 1 through 14, inclusive, as though fully set forth herein.

50. As set forth herein Sulkess has published, without Grishin's permission, (1) Grishin's Copyrighted Works, (2) the Derivative Works, (3) a statement regarding Grishin that constitutes defamation *per se* and *per quod*, and (4) Grishin's private contact information (collectively, the "Unauthorized Publications").

51. Grishin seeks a temporary restraining order, preliminary injunction, and permanent injunction (1) requiring Sulkess to remove the Unauthorized Publications and (2) preventing Sulkess from posting any additional Copyrighted Works, personal contact information or defamatory statements regarding Grishin.

### PRAYER FOR RELIEF

**As to the First Claim for Relief:**

1. For an order restraining Sulkess from using, selling, posting, or displaying the Copyrighted Works or any derivative works;

2. For an award of actual and/or statutory damages according to proof;

3. For punitive and/or exemplary damages;

4. For attorney's fees and costs;

**As to the Second Claim for Relief:**

5. For an order requiring Sulkess to remove the Defamatory

Statement from her Facebook page and prohibiting her from posting defamatory statements regarding Grishin in the future;

6. For an award of damages according to proof;

7. For punitive and/or exemplary damages;

**As to the Third Claim for Relief:**

8. For an order requiring Sulkess to remove the Defamatory Statement from her Facebook page and prohibiting her from posting defamatory statements regarding Grishin in the future;

9. For an award of damages according to proof;

10. For punitive and/or exemplary damages;

**As to the Fourth Claim for Relief:**

11. For an award of damages according to proof;

12. For punitive and/or exemplary damages;

13. An order requiring Sulkess to remove Grishin's private information from her Facebook page;

**As to the Fifth Claim for Relief:**

14. For a temporary restraining order, preliminary injunction, and permanent prohibiting Sulkess from (i) posting the Copyrighted Works and any derivative works; (ii) posting defamatory statements about Grishin, and (iii) publishing Grishin's private information;

**As to All Causes of Action:**

12. For costs of suit; and

13. For such other and further relief as the Court may deem proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 7, 2018 | **Pierce Bainbridge Beck Price & Hecht LLP** |
| 3 | | |
| 4 | | _____ |
| 5 | | Amman Khan |
| 6 | | |
| 7 | | *Counsel for Plaintiff Sergey Grishin* |

# DEMAND FOR JURY TRIAL

Plaintiff Sergey Grishin, hereby demands a trial by jury on all issues to which he is entitled a jury.

Dated: December 7, 2018      **Pierce Bainbridge Beck Price & Hecht LLP**

_____
Amman Khan

*Counsel for Plaintiff
Sergey Grishin*