UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY GRISHIN,<br>    Plaintiff,<br><br>            v.<br><br>JENNIFER SULKESS,<br>    Defendant. | CV 18-10179 DSF (AGRx)<br><br>Order GRANTING Motion to Enforce Settlement Agreement (Dkt. No. 74) |

    Plaintiff Sergey Grishin moves to enforce a purported settlement agreement with Defendant Jennifer Sulkess. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for April 6, 2020 is removed from the Court's calendar.

  "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Settlement agreements are enforced in accordance with the law of the forum state. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.1992).

The parties had appeared to have reached an agreement for entry of judgment on the defamation claim in this case, dismissal of the other claims in this case without prejudice, and settlement of a pending fee motion in a state court case between the parties. The main dispute involves the nature of the dismissal of the non-defamation claims in this case. It is clear that the parties agreed that the dismissal would be without prejudice. Defendant claims that there was an agreement that the non-defamation claims would not be immediately refiled. Plaintiff argues there was no such agreement. The relevant language is in an e-mail message from Plaintiff's counsel to Defendant's counsel:

> 7. The purpose of items 5. and 6. Is [sic] so that the parties to the Federal Court Case may litigate the defamation causes of action (Counts 2 and 3) at the appellate level and sever and discontinue (without prejudice) the Copyright and Public Disclosure of Private Facts Claims (Counts 1 and 4) at the trial level. The material terms of the dismissal are:
>
>> a. Severance of Counts 1 and 4 from Counts 2 and 3;
>>
>> b. Dismissal without prejudice of Counts 1 and 4;
>>
>> c. The principles of Res Judicata shall not apply to the dismissal of counts 1 and 4 and they may be litigated at a later time, despite any judgment on Counts 2 and 3;
>>
>> d. The Statute of Limitations on Counts 1 and 4 is tolled until the later of either (i) dismissal of the appeal on Counts 2 and 3 or (ii) the granting of said appeal and issuance of a remittitur thereon;
>>
>> e. Each side to pay its own costs and attorneys' fees with regard to Counts 1 and 4 in USDC C.D. Cal. Case No. 2:18-cv-10179.

Dkt. 73-3 at 3.

Defendant's counsel agreed to the terms, with the above-quoted explanation, except that Defendant did not agree to a requested tolling agreement for the non-defamation claims. See Dkt. No. 73-3 at 2-3.

There is no question that the agreement preserves Plaintiff's right to refile the non-defamation claims. There is no indication that this reservation of rights was limited in any way. In fact, Defendant explicitly rejected a tolling agreement that would have allowed Plaintiff to wait to refile beyond the typical statute of limitations period. The only arguable ambiguity is that the message from Defendant's counsel stated that the non-defamation claims were to be "discontinued" and "may be litigated at a *later* time." This arguably implies that the non-defamation claims were not intended to be immediately refiled, but the language is not so limited, and it would not have been reasonable for Defendant to have inferred such a limitation. Again, this is especially so given Defendant's rejection of the tolling agreement. Without a tolling agreement, any refiling would have to come, at the latest, within the normal limitations period regardless of the status of other litigation between the parties.

In short, the agreement between the parties, taken as a whole and in context, is not ambiguous. The non-defamation claims were to be dismissed without prejudice and there was no limitation on when they could be filed again. That Defendant later wished there had been a more definite agreement on the time for refiling does not change the validity of the agreement that was actually made.

Therefore, the motion to enforce the settlement agreement is GRANTED. Plaintiff is ordered to present a proposed judgment and a dismissal order consistent with the parties' agreement and this Order no later than April 7. Any objections must be filed by April 17. Plaintiff's request for fees for the cost of enforcing the settlement agreement is DENIED. There is no indication that fee shifting was a part of the settlement agreement, and Defendant's disagreement about

the proper interpretation of the agreement does not amount to sanctionable bad faith.[1]

   IT IS SO ORDERED.

Date: March 30, 2020

                                         Dale S. Fischer
                                         United States District Judge

---

[1] Despite reaching this ultimate conclusion, the Court does not condone Defendant's unreasonable retention of the benefits of the settlement agreement without providing the consideration due from her. Defense counsel's assertion that the consideration provided by Plaintiff was solely related to the state court case is not credible and is directly contradicted by the documentary record of the settlement discussions. See, e.g., Dkt. No. 85-3 ("Sorry can't do it. The two [cases] need to be disposed of together.").